IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>    vs.<br><br>JEFFREY JOE ROY IRONPIPE,<br><br>             Defendant. | CR 14-01-GF-BMM-01<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

Mr. Ironpipe was accused of violating his conditions of supervised release by committing a new crime, excessively using alcohol, and failing to successfully complete a sex offender treatment program. Mr. Ironpipe's supervised release should be revoked. He should be sentenced to three months of custody, with 57 supervised release to follow. The same conditions of supervised release should be continued, and a condition requiring Mr. Ironpipe to participate in mental health treatment should be added.

## II. Status

In April 2014, Mr. Ironpipe pleaded guilty to Sexual Abuse of a Minor. (Doc. 25.) United States District Court Judge Brian Morris sentenced Mr. Ironpipe to 15 months of custody and 60 months of supervised release. (Doc. 35.) Mr.

1

Ironpipe began his term of supervised release on June 12, 2015. (Doc. 42.) On June 24, 2015, the United States Probation Office filed a Request for Modifying the Conditions or Term of Supervision with Consent of Offender. The Court modified the conditions of supervised release by adding conditions requiring Mr. Ironpipe to participate in substance abuse testing and to abstain from the consumption of alcohol. (Doc. 40.) On October 27, 2015, the United States Probation Office filed a Report on Offender under Supervision, alleging Mr. Ironpipe had violated the conditions of his supervised release by using methamphetamine, knowingly residing with children under age 18 without permission, and failing to attend a chemical dependency appointment. (Doc. 41.)

**Petition**

On January 21, 2016, the United States Probation Office filed a petition asking the Court to revoke Mr. Ironpipe's supervised release. The Probation Office accused Mr. Ironpipe of violating the Preamble to the Standard Conditions of his supervised release by committing a new crime. The Probation Office accused Mr. Ironpipe of violating Standard Condition 7 of his supervised release by drinking a pint of vodka. The petition alleged Mr. Ironpipe violated Special Condition 2 of his supervised release by failing to successfully complete a sex offender treatment program. (Doc. 42.) Based on the petition, Judge Morris issued

a warrant for Mr. Ironpipe's arrest.  (Doc. 43.)

**Initial appearance**

Mr. Ironpipe appeared before the undersigned on January 27, 2016, in Great Falls, Montana, for an initial appearance.  Federal Defender Henry Branom accompanied him at the initial appearance.  Assistant United States Attorney Jeffrey Starnes represented the United States.

Mr. Ironpipe said he had read the petition and understood the allegations. Mr. Ironpipe waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.  The hearing commenced.

**Revocation hearing**

On January 27, 2016, Mr. Ironpipe appeared with Mr. Branom before the undersigned for a revocation hearing.  Mr. Starnes appeared on behalf of the United States.  Mr. Ironpipe admitted that he violated the conditions of his supervised release.  The violations are serious and warrant revocation of Mr. Ironpipe's supervised release.

Mr. Ironpipe's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class C felony.  He could be incarcerated for up to 24 months.  The United States argued he could be ordered to remain on supervised release for life, less any custody time imposed.  Mr. Branom argued he could be

ordered to remain on supervised release for 60 months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Branom argued nothing justifies a departure from the guideline range and a sentence at the low end of the guideline range is appropriate. Mr. Branom said Mr. Ironpipe has a serious substance abuse problem that he needs to address. Mr. Starnes agreed with Mr. Branom's recommendation for a sentence at the low end of the guideline range. Mr. Ironpipe addressed the Court and said he is ready to grow up. He has his first real job and hopes to act like "a man."

### III. Analysis

Mr. Ironpipe's supervised release should be revoked because he admitted violating its conditions. Some custody time is appropriate to emphasize to Mr. Ironpipe the seriousness of his conditions of supervised release. A sentence at the low end of the guideline range would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary. Mr. Ironpipe should be sentenced to three months of custody, with 57 months of supervised release to follow. The same conditions of supervised release should be continued, and a condition requiring Mr. Ironpipe to participate in mental health treatment should be added.

# IV. Conclusion

Mr. Ironpipe was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Ironpipe's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Ironpipe's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> 1. Jeffrey Joe Roy Ironpipe violated the Preamble to the Standard Conditions of supervised release by committing a new crime when was arrested on January 14, 2016, and subsequently pleaded guilty to Disorderly Conduct on January 15, 2016.
>
> 2. Jeffrey Joe Roy Ironpipe violated Standard Condition 7 of his supervised release by consuming a pint of vodka on January 14, 2016.
>
> 3. Jeffrey Joe Roy Ironpipe violated Special Condition 2 of his supervised release when he was terminated from his sex offender treatment program on January 15, 2016.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Ironpipe's supervised release and committing Mr. Ironpipe to the custody of the United States Bureau of Prisons for three months. He should be sentenced to continued supervised release of 57 months. The same conditions should apply, and the following condition should be added:

The defendant shall participate in a program for mental health treatment as deemed necessary by the United States Probation Office, until such time as the defendant is released from the program by the probation office. The defendant is to pay all or part of the cost of this treatment, as determined by the United States Probation Office.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 2nd day of February, 2016.

_____
John Johnston
United States Magistrate Judge