IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14-01-GF-BMM-01 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| JEFFREY JOE ROY IRONPIPE, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Ironpipe of violating his conditions of supervised release by using methamphetamine. He admitted to the allegation. Mr. Ironpipe's supervised release should be revoked. He should be sentenced to six months of custody, with forty-six supervised release to follow.

## II. Status

In April 2014, Mr. Ironpipe pleaded guilty to Sexual Abuse of a Minor.

(Doc. 25.) United States District Court Judge Brian Morris sentenced Mr. Ironpipe to 15 months of custody and 60 months of supervised release. (Doc. 35.) Mr. Ironpipe began his first term of supervised release on June 12, 2015. (Doc. 42.) On June 24, 2015, the United States Probation Office filed a Request for Modifying the Conditions or Term of Supervision with Consent of Offender. The Court modified the conditions of supervised release by adding conditions requiring Mr. Ironpipe to participate in substance abuse testing and to abstain from the consumption of alcohol. (Doc. 40.)

On October 27, 2015, the United States Probation Office filed a Report on Offender under Supervision, alleging Mr. Ironpipe had violated the conditions of his supervised release by using methamphetamine, knowingly residing with children under age 18 without permission, and failing to attend a chemical dependency appointment. (Doc. 41.) The Court allowed him to continue his supervised release.

On February 2, 2016, Mr. Ironpipe's supervised release was revoked because he violated its terms by committing a new crime, drinking a pint of vodka, and failing to successfully complete a sex offender treatment program. He was sentenced to three months of custody and fifty-seven months of supervised release. (Docs. 51, 53.) He began his next term of supervised release on April 21, 2016.

On August 11, 2016 Mr. Ironpipe's supervised release was revoked because he consumed alcohol. The Court sentenced him to five months in custody, with fifty-two months of supervised release to follow. (Doc. 62.) He began his current term of supervised release on December 7, 2016.

The Probation Office filed a Report on Offender Under Supervision on January 30, 2017 informing the Court that Mr. Ironpipe tested positive for methamphetamine. (Doc. 64.) The Court allowed him to continue his supervised release.

**Petition**

On January 31, 2107, the Probation Office filed a petition asking the Court to revoke Mr. Ironpipe's supervised release. The Probation Office accused Mr. Ironpipe of violating the conditions of his supervised release by using methamphetamine. (Doc. 65.) Based on the petition, the Judge Morris issued a warrant for Mr. Ironpipe's arrest. (Doc. 66.)

**Initial appearance**

Mr. Ironpipe appeared before the undersigned on February 2, 2017, in Great Falls, Montana, for an initial appearance. Federal Defender Henry Branom accompanied Mr. Ironpipe at the initial appearance. Assistant United States Attorney Bryan Dake represented the United States.

Mr. Ironpipe said he had read the petition and understood the allegations. Mr. Ironpipe waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Ironpipe admitted that he violated the conditions of his supervised release. The violation is serious and warrants revocation of Mr. Ironpipe's supervised release.

Mr. Ironpipe's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class C felony. He could be incarcerated for up to 24 months. He could be ordered to remain on supervised release for fifty-two months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Branom recommended a sentence at the low-end of the guideline range. Mr. Ironpipe exercised his right of allocution and stated that he started using methamphetamine when he was twelve years old. Mr. Dake requested a sentence of at least six months in custody.

### III. Analysis

Mr. Ironpipe's supervised release should be revoked because he admitted violating its conditions. He should be sentenced to six months of custody, with

forty-six months of supervised release to follow.  This sentence would be sufficient but not greater than necessary.  The same conditions of supervised release should be continued.

## IV.  Conclusion

Mr. Ironpipe was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider Mr. Ironpipe's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Ironpipe's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Jeffrey Joe Roy Ironpipe violated the conditions of his supervised release by using methamphetamine.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Ironpipe's supervised release and committing Mr. Ironpipe to the custody of the United States Bureau of Prisons for six months.  He should be sentenced to continued supervised release of forty-six months.  The conditions previously imposed should apply.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO**

**OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 8th day of February 2017.

_____
John Johnston
United States Magistrate Judge