IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14-01-GF-BMM-01 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| JEFFREY JOE ROY IRONPIPE, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Ironpipe of violating his conditions of supervised release by 1) committing another crime, and 2) consuming alcohol. He admitted to the second violation, but denied the first. Mr. Ironpipe's supervised release should be revoked. He should be sentenced to twelve months of custody, with no supervised release to follow.

## II. Status

On April 10, 2014, Mr. Ironpipe pleaded guilty to Sexual Abuse of a Minor. (Doc. 25). United States District Court Judge Brian Morris sentenced Mr. Ironpipe to fifteen months of custody, with sixty months of supervised release to follow. (Doc. 35). Mr. Ironpipe began his first term of supervised release on June 12,

1

2015.

On June 24, 2015, the United States Probation Office filed a Request for Modifying the Conditions or Term of Supervision with Consent of Offender. The Court modified the conditions of supervised release by adding conditions requiring Mr. Ironpipe to participate in substance abuse testing and to abstain from the consumption of alcohol. (Doc. 40).

On October 27, 2015, the United States Probation Office filed a Report on Offender under Supervision, alleging Mr. Ironpipe had violated the conditions of his supervised release by using methamphetamine, knowingly residing with children under age eighteen without permission, and failing to attend a chemical dependency appointment. (Doc. 41). The Court allowed him to continue his supervised release.

On February 2, 2016, Mr. Ironpipe's supervised release was revoked because he violated its terms by committing a new crime, drinking a pint of vodka, and failing to successfully complete a sex offender treatment program. He was sentenced to three months of custody and fifty-seven months of supervised release. (Docs. 51, 53). He began his next term of supervised release on April 21, 2016.

On August 11, 2016 Mr. Ironpipe's supervised release was revoked because he consumed alcohol. The Court sentenced him to five months in custody, with

fifty-two months of supervised release to follow. (Doc. 62). He began his term of supervised release on December 7, 2016.

On January 30, 2017, the Probation Office filed a Report on Offender Under Supervision informing the Court that Mr. Ironpipe tested positive for methamphetamine. (Doc. 64). The Court allowed him to continue his supervised release.

On January 31, 2017, the Probation Office filed a petition asking the Court to revoke Mr. Ironpipe's supervised release, alleging that Mr. Ironpipe had violated the conditions of his supervised release by using methamphetamine. (Doc. 65). Mr. Ironpipe was sentenced to six months custody, with forty six months of supervised release to follow. He began his term of supervised release on July 28, 2017.

On September 28, 2017, the Probation Office filed a Report on Offender Under Supervision informing the Court that Mr. Ironpipe tested positive for methamphetamine. (Doc. 75). The Court allowed him to continue his supervised release, subject to increased reporting.

On December 6, 2017, Mr. Ironpipe's supervised release was revoked because he consumed alcohol, failed to report contact with law enforcement, and was terminated from sex offender treatment. (Doc. 83). The Court sentenced him

to six months in custody, with forty months of supervised release to follow. (Doc. 84). He began his current term of supervised release on May 15, 2018.

**Petition**

On May 21, 2018, the Probation Office filed a petition seeking to revoke Mr. Ironpipe's supervised release. The petition alleged that on May 16, 2018, at approximately 5:24pm, Mr. Ironpipe had been charged and arrested on Partner Family Member Assault and Disorderly Conduct after an incident where he allegedly struck his sister while intoxicated. The petition further alleged that Mr. Ironpipe had consumed alcohol based on his BAC of .210 at 10:00pm. (Doc. 87). Based on the petition, the Judge Morris issued a warrant for Mr. Ironpipe's arrest. (Doc. 88).

**Initial appearance**

Mr. Ironpipe appeared before the undersigned on June 19, 2018, in Great Falls, Montana, for an initial appearance. Federal Defender Henry Branom accompanied Mr. Ironpipe at the initial appearance. Assistant United States Attorney Jared Cobell represented the United States.

Mr. Ironpipe said he had read the petition and understood the allegations. Mr. Ironpipe waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Ironpipe admitted that he violated the conditions of his supervised release by consuming alcohol, but denied committing the Partner Family Member Assault and Disorderly Conduct. The parties presented testimony with respect to the first violation, and the Court finds that the United States has not met its burden to show that Mr. Ironpipe violated the conditions of his supervised release by committing another crime. The United States has met its burden to show that Mr. Ironpipe consumed alcohol through his admission. The admitted violation is serious and warrants revocation of Mr. Ironpipe's supervised release.

Mr. Ironpipe's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class C felony. He could be incarcerated for up to twenty-four months. He could be ordered to remain on supervised release for forty months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Branom recommended a sentence at the high-end of the guideline range, and requested no supervised release to follow. Mr. Ironpipe exercised his right of allocution and stated that he did not hit his sister, and that he had consumed alcohol after his girlfriend broke up with him and he broke down. Mr. Cobell agreed with

5

the recommendation that Mr. Ironpipe not continue on supervision, but requested a sentence of at least eighteen months in custody, noting that it is Mr. Ironpipe's fault he is not amenable to supervision.

### III.  Analysis

Mr. Ironpipe's supervised release should be revoked because he admitted violating its conditions.  He should be sentenced to twelve months of custody, with no supervised release to follow.  This sentence would be sufficient but not greater than necessary.

### IV.  Conclusion

Mr. Ironpipe was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within fourteen days of their issuance.  The undersigned explained that Judge Morris would consider Mr. Ironpipe's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Ironpipe's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Jeffrey Joe Roy Ironpipe violated the conditions of his supervised release by consuming alcohol.

The undersigned **RECOMMENDS:**

> The District Court should enter the attached Judgment, revoking Mr. Ironpipe's supervised release and committing Mr. Ironpipe to the custody of the United States Bureau of Prisons for twelve months, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 20th day of June, 2018.

_John Johnston_
United States Magistrate Judge